**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>            Plaintiff,<br><br>v.<br><br>Cesar Humberto Angulo Felix,<br><br>            Defendant. | No. CR-16-00002-PHX-DGC<br><br>**ORDER** |

Defendant Cesar Angulo Felix is an inmate with the Federal Bureau of Prisons ("BOP").  He has filed a one-page motion for compassionate release due to ongoing health concerns from the COVID-19 pandemic.  Doc. 49.  The government has filed a response.  Doc. 51.  No reply has been filed.  For reasons stated below, the Court will deny the motion.

**I.    Background.**

On May 17, 2016, Defendant received a 63-month prison sentence after pleading guilty to reentry of a removed alien in violation of 8 U.S.C. § 1326.  Doc. 33.  Defendant presently is confined at the United States Penitentiary in Victorville, California ("USP-Victorville).  *See* Federal BOP, https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited June 8, 2020).  His projected release date is July 22, 2020.  *See id.*

Defendant asserts that he is at high risk from the coronavirus because he has diabetes requiring twice-daily insulin injections.  Doc. 49 at 1.  He further states that he has elderly family members with the same condition whom he would like to be with during these

dangerous and stressful times. *Id.* The government argues that the motion must be denied because Defendant has not exhausted administrative remedies. Doc. 51 at 1, 4-10. The Court agrees.

**II.     Compassionate Release Under 18 U.S.C. § 3582(c) and the First Step Act.**

Compassionate release is governed by 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018. Pub. L. No. 115-391, 132 Stat. 5194, at 5239-40 (2018); *see United States v. Parker*, No. 2:98-CR-00749-CAS-1, 2020 WL 2572525, at *4 (C.D. Cal. May 21, 2020) (citing *United States v. Willis*, 382 F. Supp. 3d 1185, 1187 (D.N.M. 2019)). Section 3582(c) previously provided for compassionate release only upon motion of the BOP Director. *See id.*; *United States v. McCollough*, No. CR-15-00336-001-PHX-DLR, 2020 WL 2812841, at *1 (D. Ariz. May 29, 2020). The First Step Act amended § 3582(c) to permit motions for compassionate release by defendants. *See id.*; *United States v. Baye*, No. 3:12-CR-00115-RCJ, 2020 WL 2857500, at *8 (D. Nev. June 2, 2020) ("The First Step Act materially altered § 3582(c)(1)(A) as previously only the [BOP] Director could bring a motion for compassionate release.") (comparing § 3582(c)(1)(A) (2018) with § 3582(c)(1)(A) (2002)).

A defendant may bring a motion for compassionate release only after (1) requesting the BOP to make such a motion on his behalf, and (2) exhausting all administrative appeals after the BOP has denied the request, or 30 days have elapsed after the warden received the request, whichever is earlier. § 3582(c)(1)(A); *see United States v. Millage*, No. 3:13-CR-234-SI, 2020 WL 2857165, at *1 (D. Or. June 2, 2020). "The requirement to exhaust administrative remedies or wait 30 days after the warden receives a request is jurisdictional." *United States v. Carlucci*, No. CR 10-00464-01-KHV, 2020 WL 2527013, at *2 (D. Ariz. May 18, 2020) (citing *United States v. Read-Forbes*, No. 12-20099-01-KHV, 2020 WL 1888856, at *3-5 (D. Kan. Apr. 16, 2020)); *see also United States v. Weidenhamer*, No. CR-16-01072-001-PHX-ROS, 2020 WL 1929200, at *2 (D. Ariz. Apr. 21, 2020) ("The critical inquiry is whether the text of § 3582 allows for the Court to excuse Defendant's failure to exhaust her administrative remedies. There is no indication

in the statutory text, nor has Defendant pointed to other supporting evidence, that would establish Congress meant to confer on the courts the authority to waive exhaustion."); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (defendant's motion seeking compassionate release in light of the COVID-19 pandemic was "futile" because he "failed to comply with § 3582(c)(1)(A)'s exhaustion requirement," which "presents a glaring roadblock foreclosing compassionate release at this point").

**III.    Defendant's Motion.**

Defendant does not claim to have filed a request for compassionate release with the warden of USP-Victorville.  Thus, while the Court does not take lightly Defendant's concerns about exposure to COVID-19 during his confinement with the BOP,[1] the Court lacks jurisdiction to consider his motion. *See United States v. Carlucci*, No. CR 10-00464-01-KHV, 2020 WL 2527013, at *2 (D. Ariz. May 18, 2020); *Weidenhamer*, 2020 WL 1929200, at *2.

**IT IS ORDERED** that Defendant's motion for compassionate release (Doc. 49) is **denied** for lack of jurisdiction.[2]

Dated this 8th day of June, 2020.

David G. Campbell
Senior United States District Judge

---

[1] As of June 8, 2020, no inmate or staff at USP-Victorville has been diagnosed with COVID-19. Federal BOP, COVID-19, Coronavirus, https://www.bop.gov/coronavirus/index.jsp.

[2] Given this ruling, the Court need not address whether Defendant has shown the requisite extraordinary and compelling reasons for compassionate release under § 3582(c)(1)(A)(i).